IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § § *Plaintiff,* § § v. § § 0.3494 ACRES OF LAND, MORE OR § LESS, SITUATE IN WEBB COUNTY, § STATE OF TEXAS; AND EDELMIRO § GARCIA, § § *Defendants.* § | | CASE NO.  5:20-CV-056 |

**JOINT REPORT REQUIRED BY FED R. CIV. P. 26(F) AND JOINT DISCOVERY/CASE MANAGEMENT PLAN**

> Any differences between the parties as to the response(s) to any matter must be set forth in this report.

### Preliminary Matters

1. **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and / or parties who participated in the conference.**

    Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the United States has made every effort to contact and locate the landowner. Below and in number 17 as well, the United States has memorialized any and all attempted correspondence with Mr. Edelmiro Garcia. The United States conferred or attempted to confer with all potential defendants between December 12, 2019 and April 6, 2020.

    Prior to filing the declaration of taking, on April 16, 2020, AUSA DerGarabedian was able to locate Mr. Garcia's mother, Francisca, who advised she believes Mr. Garcia is incarcerated. However, she further advised she was not sure where and she had no idea how to contact him.

2. **List cases pending in this or any other district, along with the cause number and judicial district that are related to this case.**

    None at this time.

3. **If another case is pending in this or any other district, can and should this case be consolidated with that case?**

   None.

4. **Briefly describe what this case is about.**

   This is a civil action brought by the United States of America under the power of eminent domain through a Declaration of Taking at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of a temporary assignable easement beginning on the date possession is granted to the United States and ending 12 months later, consisting of the right of the United States, its agents, contractors, and assigns to enter in, on, over and across the land described in Schedule C of the Declaration of Taking to survey, make borings, and conduct other investigatory work needed to plan the proposed construction of border infrastructure.

5. **What is Plaintiff's allegation of federal jurisdiction, or, if this case was removed, what is Defendant's allegation of federal jurisdiction?**

   The United States alleges the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1358.

6. **Does Defendant (or Plaintiff if this case was removed) agree or disagree with this allegation?**

   The United States has not been able to locate the actual owner of the property and as a result, the United States does not know if the defendant agrees or disagrees with this allegation

7. **Does either party anticipate the need to add additional parties?**

   Not at this time.

8. **If so, list any additional parties and when they can be added.**

   The United States has not been able to locate the actual owner of the property. However, it is possible that additional parties will need to be added as the United States works to resolve ownership.

9. **List any anticipated interventions.**

   None at this time.

10. **Are there any issues in this case that may raise class allegations or class action issues?**

    None at this time.

## Discovery

11. **The conference required by Rule 26(f) was never held <u>because the United States is unable to locate the defendant.</u>**

12. **Describe the proposed discovery plan agreed upon at the Conference. Include the following:**

    Briefing deadline on just compensation de minimis value:

    Briefing due 21 days after Initial Pretrial Conference

    Status Conference 30 days after Initial Pretrial Conference

    A. **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a);**

    If the Court finds that just compensation value is de minimis, then the United States avers that initial disclosures pursuant to Rule 26(a) are not necessary. If the Court finds that just compensation is not de minimis, then the United States will exchange initial disclosures within 30 days of the Court's ruling or within 30 days after the owner of the property is located. The Defendant is unable to be located and as a result cannot participate in the drafting of this amended plan and as such, his position is unknown.

    B. **When and to whom Plaintiff anticipates it may send interrogatories;**

    If the Court finds that just compensation value is de minimis, then the United States avers, pursuant to Federal Rule of Civil Procedure 29(b), that interrogatories are unnecessary in this right of entry case. If the Court finds that just compensation is not de minimis, then the United States will send interrogatories within 30 days of the Court's ruling or within 30 days after the owner of the property is located.

    C. **When and to whom Defendant anticipates it may send interrogatories;**

    The United States does not know if the defendant anticipates sending interrogatories as the United States has been unable to locate the defendant.

    D. **Of whom and by what date Plaintiff anticipates taking oral depositions;**

    If the Court finds that just compensation value is de minimis, then the United States avers, pursuant to Federal Rule of Civil Procedure 29(b), that depositions are unnecessary in this right of entry case. If the Court finds that just compensation is not de minimis, then the United States will depose the City's witnesses within 180 days of the Court's ruling.

**E. Of whom and by what date Defendant anticipates taking oral depositions;**

The United States does not know if the defendant anticipates taking oral depositions as the United States is unable to locate the defendant.

**F. When Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a) (2) (B), and when the opposing party will be able to designate responsive experts and provide their reports;**

The defendant has the burden of proof, but if the Court finds that just compensation value is de minimis, then the United States avers, pursuant to Federal Rule of Civil Procedure 29(b), that expert designations are unnecessary in this right of entry case. However, because the defendant cannot be located, the United States doesn't know the position of the defendant on this matter. If the Court finds that just compensation is not de minimis, then the United States will designate responsive experts within 30 days of the defendant's designations. However, because the defendant cannot be located, the United States does not know if or when the defendant will designate experts.

**G. List expert depositions Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Fed. R. Civ. P. 26(a) (2) (B).**

If the Court finds that just compensation value is de minimis, then the United States avers, pursuant to Federal Rule of Civil Procedure 29(b), that expert depositions are unnecessary in this right of entry case. If the Court finds that just compensation is not de minimis, the United States does not know if the defendant anticipates taking expert depositions.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a) (2) (B).**

If the Court finds that just compensation value is de minimis, then the United States avers, pursuant to Federal Rule of Civil Procedure 29(b), that expert depositions are unnecessary in this right of entry case. If the Court finds that just compensation is not de minimis, then the United States will depose experts named by defendant within 180 days of the Court's ruling, if the defendant names experts, which is unknown at this time.

**13. If the parties do not agree on any portion of the discovery plan, describe the separate views and proposals of each party.**

The United States is unable to confirm whether the defendant agrees with any portion of the discovery plan because the defendant cannot be located and as such, does not know the position of the defendant(s).

14. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    After conducting due diligence, AUSA DerGarabedian has been unable to locate Edelmiro Garcia or any other potential interested parties.

15. **State the date the planned discovery can reasonably be completed.**

    The United States does not believe discovery is necessary in this case. The United States is unable to confirm whether the defendant deems discovery necessary because the defendant is unable to be located, as such does not know the position of the defendant(s) regarding the completion of discovery.

    If the Court finds that just compensation value is de minimis, then the United States avers, pursuant to Federal Rule of Civil Procedure 29(b), that discovery is unnecessary in this right of entry case. If the Court finds that just compensation is not de minimis, then the United States believes discovery can be completed within 180 days of the Court's ruling. The United States is unable to confirm the defendant's position on reasonably completing discovery because the defendant is unable to be located and as such, the United States does not know the position of the defendant(s) regarding the reasonable completion of discovery.

## Settlement and Trial Alternatives

16. **Describe the possibilities of settlement or alternative dispute resolution that were discussed at the Rule 26(f) meeting.**

    The United States does not believe alternative dispute resolution is necessary in this right of entry case. The United States is unable to confirm if the defendant believes dispute resolution is necessary because the defendant is unable to be located and as such, no possibilities of settlement or alternative dispute resolution have been discussed. For this reason, no Rule 26 meeting has been held.

17. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    On December 5, 2019, the United States went to Mr. Garcia's residence and discovered a Notice of Public Hearing document posted on the front door indicating that the home was condemned and abandoned.

    On December 12, 2019, the United States located Mr. Garcia's sister, Eve. She provided a phone number for Mr. Garcia, but advised she want sure if it was working. It was not.

    On February 12 through 20, 2020, the United States reached out to Eve, who said she would reach out to Mr. Garcia and get back to us, and left her a voicemail. After doing this on three different occasions, Eve never called back.

On February 24, 2020, the United States received mail sent to Mr. Garcia as "returned unclaimed."

On March 25, 2020, AUSA DerGarabedian conducted due diligence to locate Mr. Garcia through various research.

On March 26, AUSA DerGarabedian was able to locate Mr. Garcia's mother. With the help of a fellow AUSA who speaks Spanish, AUSA DerGarabedian learned that he was speaking to Edelmiro Garcia's mother. She introduced herself as Francisca Rangel. She advised that she knows nothing about the subject property and that she believes her son is incarcerated. She further advised that she thinks that the prison he was in is called Joyington in San Antonio, Texas. However, she said she really was not sure and had no way of contacting him. After researching for Joyington Prison and other prisons in San Antonio, Texas, AUSA DerGarabedian was unable to locate Edelmiro Garcia.

From April 1 to April 23, 2020, AUSA DerGarabedian tried reaching out to Mrs. Rangel, but phone calls continued going to voicemail or kept ringing until finally the number was disconnected.

On June 15, 2020, AUSA DerGarabedian checked the website "Vinelink" and learned that Mr. Garcia was in fact released from prison in the City of Jourdanton in Atascosa County on May 13, 2020. Upon learning this new information, AUSA DerGarabedian called Mrs. Rangel again with a Spanish interpreter to inquire if she knew of her son's whereabouts and to advise of the cooperation needed for the Joint Discovery/Case Management Plan.

On June 16, 2020, AUSA DerGarabedian along with a Spanish interpreter again called Mrs. Rangel and again there was no answer and no voicemail. A call was placed twice in the morning and afternoon, but to no avail. Finally, a text message was sent, in Spanish, notifying Mrs. Rangel who we were and why we were trying to contact her. No reply has been received from Mrs. Rangel.

18. **From the attorneys' discussions with their respective clients, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

    The United States does not think alternative dispute resolution is applicable in this case. The United States is unable to confirm whether the defendants believe alternative dispute resolution is applicable in this case because the defendant cannot be located, and as such, does not know the position of the defendant(s) regarding alternative dispute resolution

19. **The parties may jointly consent to a Magistrate Judge conducting any and all proceedings in any jury or nonjury civil matter, including hearing a jury or nonjury trial, and order the entry of judgment in the case. Will the parties consent to a Magistrate conducting all proceedings in this case, including trial and disposition of the case?**

The United States agrees to a Magistrate Judge conducting all proceedings in this case. The United States is unable to confirm if the defendant agrees to a Magistrate Judge conducting all proceedings in this case because the defendants cannot be located, and as such, does not know the position of the defendant(s) regarding the conducting of all proceedings in this case by a Magistrate Judge.

20. **State whether a jury demand has been made and if it was made on time.**

The United States makes no demand for a jury trial. The United States is unable to confirm if the defendant makes a demand for a jury trial in this case because the defendant cannot be located, and as such, does not know the position of the defendant(s) regarding a jury demand.

21. **In the event of a trial, how many hours will it take to try this case?**

The United States believes the evidence in this case could be presented in six hours.

## Additional Conference Items

22. **Counsel are charged with knowledge of the Local Rules of the United States District Court for the Southern District of Texas, which are available at:**

http://www.txs.uscourts.gov/sites/txs/files/2018%20Local%20Rules.pdf.

**Have all counsel reviewed those local rules prior to completion of this Report?**

Undersigned counsel for the United States has reviewed the local rules.

**Counsel are also charged with knowledge of the Honorable Marina Garcia Marmolejo's Court Procedures in Civil Cases, which are available at:**

https://www.txs.uscourts.gov/sites/txs/files/Civ_MGM_July2017.pdf

**Have all counsel reviewed those rules prior to completion of this Report?**

Undersigned counsel for the United States has reviewed the local rules.

23. **If there are any motions pending before the Court at this time, list them.**

The United States has a pending motion for possession that was filed on June 17, 2020 (Docket No. 7).

24. **Can any of these motions be ruled upon at the Initial Pretrial and Scheduling Conference?**

Yes, the motion for possession filed by the United States can be ruled on.

25. **Are there any other matters peculiar to this case, including discovery that deserve special attention from the Court at the Initial Pretrial and Scheduling Conference?**

    The defendant refuses to cooperate with the United States regarding this discovery plan.

26. **List the names, Southern District of Texas bar numbers, addresses, and telephone numbers of all counsel. All counsel appearing for any hearing or identified as counsel of record on a pleading must either be licensed to practice in the Southern District of Texas or must file a motion to appear pro hac vice.**

    FOR THE UNITED STATES:

    FOR PLAINTIFF:
    ALEXANDER N. DERGARABEDIAN
    Assistant United States Attorney
    Southern District of Texas No. 3381593
    New York Bar No. 5103577
    1701 W. Bus. Highway 83, Suite 600
    McAllen, TX 78501
    Telephone: 956-992-9380
    Facsimile: (956) 618-8016
    E-mail: alexander.dergarabedian@usdoj.gov

27. **Proposed Dates for Scheduling Order. Please review the proposed deadlines for many of the pretrial events listed below that will be scheduled for this case. Both the events and the proposed dates are intended to give the parties guidance**

    In (1) formulating answers to the other parts of this Questionnaire and (2) scheduling the events preceding the trial. The Scheduling Order that will be issued following the Scheduling Conference will necessarily be more specific and detailed and will contain additional matters and discovery limitations. The Court's suggested dates and events may be appropriate for this case. If not, please propose suggested modifications that the parties believe are suited for this lawsuit. As indicated below by asterisks, some dates and events are "inflexible" because of limited judicial resources in the Court's calendar.

Respectfully submitted,

**RYAN K. PATRICK**
United States Attorney
Southern District of Texas

By: *s/ Alexander N DerGarabedian*

**ALEXANDER N. DERGARABEDIAN**
Assistant United States Attorney
Southern District of Texas No. 3381593
New York Bar No. 5103577
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: 956-992-9380
Facsimile: (956) 618-8016
E-mail: alexander.dergarabedian@usdoj.gov
Attorney in Charge for Plaintiff

## CERTIFICATE OF SERVICE

I, Alexander N. DerGarabedian, Assistant United States Attorney for the Southern District of Texas, do hereby certify that on June 17, 2020, I mailed a true and correct copy of the foregoing document to the all parties.

By: *s/ Alexander N. DerGarabedian*
**ALEXANDER N. DERGARABEDIAN**
Assistant United States Attorney